```
      IN THE UNITED STATES DISTRICT COURT
    FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

**WALIYYUDDIN S. ABDULLAH**  :  **CIVIL ACTION**
:
      **v.**  :
:
**THE SMALL BUSINESS BANKING**  :
**DEPARTMENT OF THE BANK OF AMERICA**, **et al**. :  **NO. 14-5394**

<u>MEMORANDUM</u>

**JOYNER, J.**                                                   **OCTOBER 2, 2014**

      Plaintiff, Waliyyuddin S. Abdullah, has filed a <u>pro se</u> complaint raising claims under 42 U.S.C. § 2000d, which prohibits racial or national origin discrimination by an entity receiving Federal financial assistance.  The instant complaint appears to be a continuation of the events that formed the basis of his complaint and amended complaint in Civil Action No. 13-0305.  That case was dismissed by Order dated April 4, 2013 for failure to state a claim.[1]  Here, plaintiff is, once again, speculating that the defendants failure to give him a small business loan is motivated by discrimination.

      For the following reasons, the Court will dismiss plaintiff's complaint for failure to state a claim.  He will not be given an opportunity to amend because the Court concludes that further attempts at amendment would be futile.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).

      Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), <u>see</u>

---

[1] The dismissal was affirmed by the United States Court of Appeals for the Third Circuit on July 29, 2013.

Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Although any factual allegations must be taken as true, courts evaluating the viability of a complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted).

Plaintiff believes that his loan requests have been denied "based on one or a combination of the following: my race, my color or my national origin." In order to state a claim for violation of § 2000d, plaintiff must allege that there was intentional discrimination based upon his race or national origin by a program receiving federal funds. Baker v. Bd. of Regents of Kan., 991 F.2d 628, 631 (10th Cir. 1993).

As plaintiff was informed in his prior case, to state a claim for intentional discrimination, a plaintiff must do more than allege a series of unfortunate events and baldly allege that the defendants discriminated against him. See Gross v. R.T. Reynolds, Inc., 2012 WL 2673139, at *3 (3d Cir. July 6, 2012) (amended complaint did not state a claim where "it allege[d] a series of unfortunate events and then state[d], in conclusory fashion, that the reason for those events is that [defendant] harbored discriminatory animus towards [plaintiff and his colleague]"). Because plaintiff does not allege any facts to

support a conclusion that the defendants acts were motivated by an intent to discriminate against the plaintiff, his complaint does not state a claim upon which relief may be granted.